NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUN JOON PARK and HOI SUK PARK, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 09-CV-02921 (DMC) |
| M&T BANK CORPORATION, et al | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon motion to dismiss by Manufacturers and Traders Trust Company d/b/a M&T Bank ("M&T"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Sutton Land Title Agency ("Sutton") (collectively, "Defendants"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss is **granted in part** and **denied in part**.

**I.    BACKGROUND**

    On October 13, 2006, Sun Joon Park and Hoi Suk Park ("Plaintiffs") refinanced their residence located in Ridgefield Park, New Jersey. Plaintiffs' Amended Complaint alleges that the closing occurred on October 18, 2006. Plaintiffs executed a Note and Mortgage Loan ("First Mortgage"), No. 1183227, identifying M&T Mortgage Corporation as "Lender" and Plaintiffs as "Borrowers." Pursuant to the First Mortgage, Plaintiffs were extended credit in the amount of $428,000.00. The Fixed/Adjustable Rate Rider to the First Mortgage provides for an initial fixed

interest rate of 6.875% and provides for an adjustable interest rate no greater than 11.875% and no less than 2.250%. On October 13, 2006, Plaintiffs executed a Note and Secondary Mortgage Loan ("Second Mortgage"), No. 11832242, in the amount of $80,250.00. The Second Mortgage calls for a yearly interest rate of 11.125%. Individual Truth-In-Lending Statements pertaining to the First Mortgage and Second Mortgage were signed by Plaintiffs on October 13, 2006. The Truth-In-Lending Statement with respect to the First Mortgage establishes a payment schedule, and that document identifies an annual percentage rate of 7.261%, a finance charge of $713,149.97, an amount financed of $426,101.37 and a total payment of $1,139,251.34. The Truth-In-Lending Statement with respect to the Second Mortgage establishes a payment schedule, and that document identifies an annual percentage rate of 11.126%, a finance charge of $126,467.30, an amount financed of $79,902.07 and a total payment of $206,369.36. Individual HUD-1A documents pertaining to the First Mortgage and Second Mortgage were signed by Plaintiffs on October 13, 2006. A Notice of Right to Cancel with respect to the First Mortgage was signed by Plaintiffs on October 13, 2006. A Good Faith Estimate was also signed by Plaintiffs on September 15, 2006. An acknowledgment of receipt of a copy of the disclosure statement and the "Consumer Handbook On Adjustable Rate Mortgage" booklet was signed by Sun Joon Park on September 17, 2006.

On February 26, 2009, Plaintiffs allege that they exercised the right to rescind the transaction underlying the present dispute. Plaintiffs speak Korean and do not speak English. All of the foregoing documents are in English. None of these documents were translated to Korean. No interpreter was present at the closing.

M&T was the mortgage company for both the First Mortgage and Second Mortgage. MERS is the record mortgagee with respect to the First Mortgage, holding the First Mortgage as a nominee

2

for M&T.  Palisades Sales, also named as Defendant in this action, was the mortgage broker for Plaintiffs.  Sutton was the settlement and title agent pursuant to the mortgage transaction.

On May 8, 2009, Plaintiffs filed an Amended Complaint in the Superior Court of New Jersey, Law Division, Bergen County (Civil Action No. BER-L-3665-09). On June 16, 2009, Defendants removed this action to United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction 28 U.S.C. § 1331.  On July 31, 2009, Sutton filed a motion to dismiss Plaintiffs' Amended Complaint.  On August 10, 2009, M&T and MERS also filed a motion to dismiss Plaintiffs' Amended Complaint.  On December 2, 2009, upon request of Plaintiffs' counsel and by Order of this Court, this Court granted a motion for withdrawal on behalf of Plaintiffs' counsel.  Presently, Plaintiffs proceed in this matter in a *pro se* capacity.

## II.    LEGAL STANDARD

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

**III.     DISCUSSION**

    A.     Judicial Notice

In support of their motion to dismiss, M&T and MERS request that the Court take judicial notice of certain documents integral to the Amended Complaint pursuant to Fed. R. Evid. 201. Pursuant to that rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Further, Defendants assert that "[a] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Kent v. Tabafunda, 2008 U.S. Dist. LEXIS 47649, *9 (D.N.J. June 19, 2008); See Pension Benefit Guar. Corp. v. White Consul. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Therefore, Defendants contend, judicial notice of the requested documents will not convert the motion to dismiss into one for summary judgment. "Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment." Id.; See Fed. R. Civ. P. 12(d).

Defendants request that the Court take judicial notice of the following, presented to the Court as: Exhibit 1: Mortgage document, dated October 13, 2006, executed by Sun Joon Park and Hoi Suk Park, Borrowers for Mortgage Loan No. 11832227; Exhibit 2: Secondary Mortgage Loan, dated October 13, 2006, executed by Sun Joon Park and Hoi Suk Park, Borrowers for Mortgage Loan No. 11832243; Exhibit 3: HUD-1A Settlement Statement executed by Sun Joon Park and Hoi Suk Park

on October 13, 2006 for Mortgage Loan No. 11832227; Exhibit 4: Truth-In-Lending Disclosure Statement executed by Sun Joon Park and Hoi Suk Park on October 13, 2006 for Mortgage Loan No. 11832227; Exhibit 5: Notice of Right to Cancel executed by Sun Joon Park and Hoi Suk Park on October 13, 2006 and October 18, 2006 for Mortgage Loan No. 11832227; Exhibit 6: HUD-1A Settlement Statement executed by Sun Joon Park and Hoi Suk Park on October 13, 2006 for Mortgage Loan No. 11832243; Exhibit 7: Truth-In-Lending Disclosure Statement executed by Sun Joon Park and Hoi Suk Park on October 13, 2006 for Mortgage Loan No. 11832243; Exhibit 8: Notice of Right to Cancel executed by Sun Joon Park and Hoi Suk Park on October 13, 2006 and October 18, 2006 for Mortgage Loan No. 11832243; Exhibit 9: Good Faith Estimate, dated September 15, 2006, executed by Sun Joon Park; and Exhibit 10: Pre-Application 10 Year Interest-Only Period: 7-1 Adjustable Rate Mortgage Loan disclosure Statement, dated September 17, 2006, executed by Sun Joon Park.

The Amended Complaint explicitly references and concerns both the First and Second Mortgage along with attendant documents, including the Truth-In-Lending Disclosure Statements. Moreover, Plaintiffs do not dispute the authenticity of these documents, but rather the circumstances of the transaction surrounding their execution. Accordingly, the Court takes judicial notice of the documents as requested. As established in the preceding paragraph, the Court is permitted to consider documents integral to the complaint, such as those presented here, without converting this motion to dismiss into a motion for summary judgment.

    B.    Statute of Limitations

        1.    Truth in Lending Act ("TILA")

Defendants move to dismiss Count I of Plaintiffs' Amended Complaint, asserting a claim for

5

rescission and damages pursuant to TILA 15 U.S.C. §§ 1635, 1640, as time barred. "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter 15 U.S.C. §§ 1631, *et seq*. have not been delivered to the obligor." 15 U.S.C. § 1635(f); Carmen v. Metrocities Mortg. Corp., 2009 U.S. Dist. LEXIS 42245, *8 n.2 (D.N.J. May 18, 2009)("The statute of limitations in TILA actions seeking rescission is three years."). "This right of rescission, unlike TILA's one-year statute of limitations, 'shall expire' in the usual case three years after the loan closes or upon the sale of the secured property, whichever date is earlier.'" Marangos v. Swett, 2008 U.S. Dist. LEXIS 89779, *14 (D.N.J. Sep. 28, 2009)(quoting Oshiver v. Levin, 38 F.3d 1380, 1385 (3d Cir. 1994) ("A statute of limitations begins to run when the plaintiff's cause of action accrues.")). The statute of limitations in TILA actions seeking damages is one year. Id.; 15 U.S.C. § 1640(e). Therefore, the cause of action for rescission accrues upon consummation of the transaction or upon sale of the property. See Marangos, 2008 U.S. Dist. LEXIS 89779, at *17 ("Plaintiff alleges he signed his loan papers in the presence of an APEX official sometime in July of 2006 (Compl. P 33.); thus, that is the date of the alleged TILA violation and when the cause of action accrued."); See Bartholomew v.Northamptom Nat'l Bank, 584 F.2d 1288, 1296 (3d Cir. 1978).

The Third Circuit Court of Appeals permits equitable tolling of TILA's statutes of limitations where:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

6

Marangos, 2008 U.S. Dist. LEXIS 89779, at *17 (citing Oshiver, 38 F.3d at 1387). Further, "[a] party seeking tolling must also demonstrate that he or she 'exercised reasonable diligence in investigating and bringing the claims.'" Id. (quoting Miller v. N.J. Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998)). "[A]llegations of fraudulent concealment tolling the statute of limitations must meet the requirements of Federal Rule of Civil Procedure 9(b)." Id. (internal citation omitted).

Plaintiffs' Amended Complaint alleges that Plaintiffs did not receive the Truth-In-Lending Statement until March 18, 2009. Pursuant to 15 U.S.C. § 1635©, "[n]otwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this title [15 U.S.C. §§ 1601, *et seq.*] by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof." Reading the complaint in the light most favorable to Plaintiffs and assuming, without concluding, Plaintiffs did not receive the requisite disclosure materials until March 18, 2009, the statute of limitations accrued upon consummation of the underlying mortgage transaction, at the latest on October 18, 2006. Therefore, the statute of limitations for Plaintiffs' damages claim expired on October 18, 2007 and the statute of limitations for Plaintiffs' rescission claim expired on October 18, 2009. Further, Plaintiffs have neither established nor sought to establish the application of equitable tolling to their claims. See Taggart v. Chase Bank USA, 2009 U.S. App. LEXIS 25904, *5 (3d Cir. Nov. 27, 2009). Accordingly, in the absence of a claim for equitable tolling, Count I is time barred and **dismissed**.[1]

---

[1] In the absence of a valid basis for tolling, the Court declines to address the underlying merits of the claim where each TILA claim is otherwise barred by the applicable statute of limitations.

      2.      Real Estate Settlement Procedures Act ("RESPA")

In Count IV of the Amended Complaint, Plaintiffs assert violations of 12 U.S.C. §§ 2601, 2607 and 2617. RESPA requires that any action be brought "within one year in the case of violations of section 2607 or 2608 from the date of the occurrence of the violation." 12 U.S.C. § 2614. "Hence, in order to have a valid RESPA claim, a party must bring a cause of action within one year of the alleged improper fee or kickback." Deutsche Bank Nat'l Trust Co. v. Lacapria, 2010 U.S. Dist. LEXIS 17998, *12 (D.N.J. Mar. 1, 2010). Plaintiffs allege improper fees and costs, including overcharges, at the closing of their mortgage loans. Therefore, even reading the complaint in the light most favorable to Plaintiffs, the statute of limitations concerning Plaintiffs' RESPA claims expired at the latest on October 18, 2007. Although equitable tolling of the applicable statute of limitations may not be foreclosed, Plaintiffs have not proposed a basis for equitable tolling with respect to their RESPA claims. See Marple v. Countrywide Fin. Corp., 2008 U.S. Dist. LEXIS 37705, *10-12 (D.N.J. May 7, 2008). Accordingly, Count VI is time barred and **dismissed.** [2]

    C.    Fraud Claims

      1.      New Jersey Consumer Fraud Act ("CFA")

In Count II of the Amended Complaint, Plaintiffs assert a claim pursuant to the CFA. M&T and MERS contend that Plaintiffs lack standing to assert a CFA claim because Plaintiffs fail to allege "ascertainable loss." Sutton asserts that Plaintiffs fail to establish a claim with respect to the CFA

---

[2] Defendants further contend that RESPA does not provide a cause of action for overcharges as pled by Plaintiffs. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384 (3d Cir. 2005). However, in the absence of a valid basis for tolling, the Court declines to address the underlying merits of Plaintiffs' RESPA allegations where the claims are otherwise time barred.

because Plaintiffs fail to establish a causal relationship between Plaintiffs' alleged loss and Sutton's alleged conduct. Further, Defendants contend that Plaintiffs' CFA claim fails to meet the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b).

"To state a claim under the CFA, a private 'plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.'" Dabush v. Mercedes-Benz USA, LLC, 378 N.J. Super. 105 (App. Div. 2005) (internal citations omitted). "To constitute consumer fraud . . . the business practice in question must be 'misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer . . . ." Id. (quoting New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super 8 (App. Div. 2003), cert.denied, 178 N.J. 249 (2003)). "Simply showing a violation of the CFA, however, is insufficient to entitle a private citizen to damages under the Act." Id. "[T]he [CFA] does not provide for recovery of statutory damages where a plaintiff cannot show actual harm." Id. (quoting Cannon v. Cherry Hill Toyota, Inc., 161 F. Supp. 2d 362 (D.N.J. 2001)). "[A] private plaintiff must demonstrate 'an ascertainable loss of moneys or property, real or personal,' as a result of the defendant's unlawful conduct." Id. (citing N.J.S.A. 56:8-19). "'[A]scertainable loss' within the meaning of the CFA means one that 'is quantifiable or measurable' and that '[a]n estimate of damages, calculated within a reasonable degree of certainty will suffice to demonstrate an ascertainable loss.'" Real v. Radir Wheels, Inc., 198 N.J. 511, 518 n.4 (2009)(quoting Cox v. Sears Roebuck & Co., 138 N.J. 2, 22 (1994)).

"Importantly, [New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)." Dewey v. Volkswagon, 558 F.

Supp. 2d 505, 524 (D.N.J. 2008) (quoting Parker v. Howmedica Osteonics Corp., 2008 U.S. Dist. LEXIS 2570, *2 (D.N.J. Jan. 14, 2008)). "Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged.'" Frederico, 507 F.3d at 200 (citing Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. In determining the sufficiency of a complaint for purposes of Rule 9(b), after-the-fact allegations will not be considered. Id.

While Plaintiffs' Amended Complaint seeks damages, among other forms of relief, Plaintiffs have not presented the Court with an ascertainable measure of damages. Therefore, Plaintiffs have failed to comply with the CFA as well as the heightened pleading standard of Fed. R. Civ. P. 9(b). Count II of Plaintiffs' Amended Complaint is **dismissed**.

### 2. Common Law Fraud

In Count V, Plaintiffs assert a claim for common law fraud. M&T and MERS assert that Plaintiffs' common law fraud claim is factually hollow and does not conform to the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Sutton asserts that as a non-creditor, Sutton did not owe Plaintiffs any duty of disclosure or stand in any fiduciary capacity with respect to Plaintiffs.

"[P]roof of common law fraud requires the satisfaction of five elements: a material misrepresentation by the defendant of a presently existing fact or past fact; knowledge or belief by the defendant of its falsity; an intent that the plaintiff rely on the statement; reasonable reliance by the

plaintiff; and resulting damages to the plaintiff." Lib. Mut. Ins. Co. v. Land, 186 N.J. 163, 175 (2005), cert. denied, 200 N.J. 505 (2009), (citing Gennari v. Weichert Co. Realtors, 288 N.J. Super. 504, 541 (App. Div. 1996)). "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 174 (2005).

To the extent that Plaintiffs assert that they were not informed that the interest rate could be as high as 11.875%, the mortgage documents are to the contrary, indicating that the interest rate will not be greater than 11.875% or less than 2.250%. Therefore, Plaintiffs common law fraud claim is **dismissed**.

D.      Negligence

Defendants contend that they do not owe Plaintiffs a duty of care. In Count VI, Plaintiffs assert a claim for negligence. That Count alleges that Defendants "negligently underwrote loans to Plaintiffs without verifying relevant financial and personal information." Pursuant to that claim, Plaintiffs further allege negligent hiring.

"It is fundamental that a case sounding in negligence requires a showing of a duty, a breach of that duty and foreseeable resulting injury proximately caused by the breach." Anderson v. Sammy Redd and Associates, 278 N.J. Super. 50, 56 (App. Div. 1994)(citing Merel v. Colgate Palmolive-Peet Co., 41 N.J. Super 372, 379 (App. Div. 1956), cert. denied, 22 N.J. 453 (1956)). In Shinn v. Champion Mortg. Co., the complaint alleged that defendant "owed [p]laintiffs a duty of care with respect to servicing their mortgage loans, that [defendant] was negligent, and that [p]laintiffs suffered damages as a direct result." In that diversity case, the Court concluded that "it is well settled in New

11

Jersey that this claim is barred by the economic loss doctrine." 2010 U.S. Dist. LEXIS 9944, *11-12 (D.N.J. Feb. 5, 2010); see Perkins v. Washington Mutual, FSB, 655 F. Supp. 2d 463, 471 (2009). The Court provided the following analysis:

> The economic loss doctrine provides that a tort remedy does not arise from a contractual relationship unless the breaching party owed an independent duty imposed by law. Saltiel v. GSI Consultants, Inc., 170 N.J. 297 (2002); Perkins, 655 F. Supp 2d at 471 (finding that the economic loss doctrine barred a negligence claim brought by a plaintiff mortgagor against a defendant mortgagee, because both were parties to the mortgage contract and there was no other duty owed). If a defendant owes a duty of care separate and apart from the contract between the parties, then a tort claim such as negligence may lie. Saltiel, 170 N.J. [at 314]. However, the mere failure to fulfill obligations encompassed by the parties' contract is not actionable in tort.

Shinn, 2010 U.S. Dist. LEXIS 9944 at *12.

> Here, [p]laintiffs and [d]efendant were parties to a contract, namely the mortgage and the note. Plaintiffs' claims are based on allegedly improper payments arising out of these contracts, which cannot give rise to a tort remedy. There is no other relationship between the parties. As [d]efendant argues, relevant authority demonstrates that a bank does not owe a duty of care to a borrower, even if the borrower is a consumer. See United Jersey Bank v. Kensey, 306 N.J. Super. 540, 553 (App. Div. 1997)[, cert. denied, 153 N.J. 402 (1998)]. Therefore, the negligence claim fails and must be dismissed.

Shinn, 2010 U.S. Dist. LEXIS 9944 at *12-13.

In the absence of an independent duty owed to Plaintiffs by Defendants, Plaintiffs' claim for negligence is deficient. Count VI of Plaintiffs' Amended Complaint is **dismissed**.

### E. Breach of Fiduciary Duty

Defendants contend that Count X of Plaintiffs' Amended Complaint fails as a matter of law. Specifically, Defendants argue that the debtor-creditor relationship does not constitute a fiduciary relationship as a matter of law. Count X of the Amended Complaint alleges that Defendants breached

a fiduciary duty owed to Plaintiffs in failing to disclose all terms of the First Mortgage, in failing to diligently review closing documents, in failing to make certain Plaintiffs understood the terms of the transaction prior to entering into the contractual relationship and in placing "Plaintiffs into a 'no document' verification loan, whereby Plaintiffs would be charged interest at a rate higher than what they could have qualified for if proper underwriting review occurred."

"The general rule is that there are no presumed fiduciary relations between banks and their customers." Margulies v. Chase Manhattan Mortg. Corp., 2005 N.J. Super. LEXIS 383, *9 (App. Div. Nov. 7, 2005) (citing United Jersey Bank, 306 N.J. Super. at 552). "The virtually unanimous rule in all jurisdictions is that debtor-creditor relationships "rarely" give rise to a fiduciary duty. *Ibid.* This is due, in large part, to the adversarial nature of the debtor-creditor relations." Id. (citing United Jersey Bank, 306 N.J. Super. at 553). "It ordinarily 'would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table.'" Paradise Hotel Corp. v. Bank of Nova Scotia, 847 F.2d 47, 53 (3d Cir. 1988).

At the same time, "[t]he position adopted in the *Restatement* is reflected in a lengthening line of decisions holding banks and other lending institutions liable to their customers for gross acts of misconduct and deceit, or, where 'special circumstances 'may' exist where 'the bank knows or has reason to know that the customer is placing his trust and confidence in the bank and relying on the bank [so] to counsel and inform him.'"[3] United Jersey Bank, 306 N.J. Super. at 554 (quoting Parker

---

3

"Subsection (1) sets out the traditional rule requiring disclosure of a fact which the individual knows may justifiably induce another to act, or refrain from acting, in a business transaction only if the individual is under a duty to disclose the matter. Subsection (2) sets out the conditions under which an individual has a duty to disclose certain information. Subsection 2(e) imposes a duty upon a party to disclose to another "facts basic to the transaction, if he knows that the other is about to enter into it under a mistake … and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." Comment "1" to §

13

v. Columbia Bank, 91 Md. App.346, 369 (1992) (internal citations omitted)). "Although these decisions are difficult to categorize, the common thread running through them is that the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance." Id. at 555.

Given that Plaintiffs speak no English and only Korean, plus the fact that all documents presented to Plaintiffs were in English and not Korean as well as the absence of an interpreter, there is a strong implication that Plaintiffs invested trust and confidence in Defendants in executing these mortgages. As a consequence, an implied in law fiduciary relationship potentially existed. Therefore, the Court will not dismiss the Amended Complaint for failure to state a claim for breach of fiduciary duty. On this ground, Defendants' motion to dismiss is **denied**.

F. Breach of Duty of Good Faith and Fair Dealing

In Count VIII of the Amended Complaint, Plaintiffs assert a claim for breach of the duty of good faith and fair dealing. Sutton contends that as a mere title agent and not a party to any of the loan agreements, a claim of good faith and fair dealing sounding in contract cannot be asserted against a non-party to the contract. M&T and MERS assert that a duty of good faith and fair dealing arises with respect to three situations, all of which are allegedly inapplicable to the instant case:

---

551, subsection (2), recognizes the difficulty in determining or identifying the factors that would give rise to an expectation of disclosure. The comment observes that the situation envisioned is one in which the advantage taken of the plaintiff's ignorance is "so shocking to the ethical sense of the community, and is so extreme and unfair, as to amount to a form of swindling...." Our Supreme Court has adopted that interpretation of the *Restatement*." United Jersey Bank, 306 N.J. Super. at 554.

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parities' contractual expectations; (2) to allow redress for a contracting party's bad faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

Barrows v. Chase Manhattan Mortg. Corp., 465 F. Supp. 2d 347, 365 (D.N.J. 2006) (citing Seidenberg v. Summit Bank, 348 N.J. Super. 243 (App. Div. 2002)). Specifically, M&T and MERS assert that Plaintiffs' Amended Complaint does not allege the exercise of discretion, unlawful or otherwise.

An implied covenant of good faith and fair dealing inheres in every contract. Metlife Capital Fin. Corp. v. Wash. Ave. Assocs. LP, 159 N.J. 484, 498 (1999). Count VIII of the Amended Complaint asserts a breach of this covenant. Despite Defendants' allegations to the contrary, it is highly possible that Plaintiffs who speak no English and did not have the aid of an interpreter were subject to the exercise of unfair discretion. Therefore, Defendants' motion to dismiss Count VIII of the Amended Complaint is **denied**..

    G.    Unjust Enrichment

In Count IX of the Amended Complaint, Plaintiffs assert a claim for unjust enrichment. Defendants assert that New Jersey law does not recognize unjust enrichment as an independent tort. Cafaro v. HMC, 2008 U.S. Dist. LEXIS 71724, *19-20 (D.N.J. Sep. 8, 2008) (citing Castro v. NYT Television, 370 N.J. Super. 282 (App. Div. 2004)). Further, Defendants argue that the claim for unjust enrichment fails because Plaintiffs did not confer a benefit upon Defendants with an expectation of remuneration.

"To establish unjust enrichment, a plaintiff must show both that defendant received a benefit

and that retention of that benefit without payment would be unjust." VRG Corp. V. GKN Realty Corp., 135 N.J. 539, 554 (1994)(internal citations omitted). "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id. (internal citations omitted).

Defendants performed by extending credit to Plaintiffs. Performance is now required of Plaintiffs. The performance required of Plaintiffs is within the confines of the contact, even if unpalatable to Plaintiffs. While Plaintiffs' Amended Complaint fails to allege an expectation of remuneration, it is not clear to the Court that there even is an expectation of remuneration on Plaintiffs behalf. Therefore, Plaintiffs' claim for unjust enrichment pursuant to Count IX is **dismissed**.

H. Equitable Estoppel

In Count XI of Plaintiffs' Amended Complaint, Plaintiffs allege a claim for equitable estoppel. Plaintiffs contend that they relied on Defendants' alleged misrepresentations concerning interest rates and other material terms of the First Mortgage to their detriment. Sutton contends that there is no application of the doctrine with respect to Sutton given that Sutton is not a party to any contract. M&T and MERS underscore the mortgage documents at issue and assert, in contrast to Plaintiffs' contention, that there is no misrepresentation.

Estoppel is "an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law, that prohibits a party from repudiating a previously taken position when another party has relied on that position to his [or her] detriment." Toppi v. Fed. Nat'l Mortg. Assoc., 2008 N.J. Super. LEXIS 2636, *10-11 (App. Div. Jan. 9, 2008). "To establish a claim of equitable estoppel, the party claiming

16

the benefit of the estoppel must show 'that the alleged conduct was done, or representation was made, intentionally or under such circumstances that it was both natural and probable that it would induce action.'" A.P. Dev. Corp. v. Band, 113 N.J. 485, 497 (1988)(quoting Miller v. Miller, 97 N.J. 154, 163 (1984)). "Further, the conduct must be relied on, and the relying party must act so as to change his or her position to his or her detriment." Id.

To the extent that Plaintiffs' claim of misrepresentation arises from the mortgage itself, the mortgage documents are clear, providing a range of applicable interest rates no greater than 11.875% and no less than 2..250%. Therefore, Count XI of Plaintiffs' Amended Complaint is **dismissed**.

    I.    Agency

In Count XII, Plaintiffs assert that at all times relevant, "Defendants M&T Bank Corporation, M&T Mortgage Corporation, Mortgage Electronic Registration Systems, Inc., Palisades Sales and Sutton Land Title Agency had an agency relationship and are each responsible for the tortious or illegal acts of the other." With respect to Count XII, Plaintiffs merely assert bald legal conclusions and provide no factual support for the contention that one entity is the alter ego and/or agent of another. Therefore, Count XII is **dismissed**.

    J.    Conspiracy

In Count III, Plaintiffs assert that Defendants intentionally, knowingly and willingly conspired to defraud Plaintiffs with respect to the First Mortgage. By contrast, Defendants assert that there was no agreement to defraud Plaintiffs.

In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which

is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.'" Banco, 184 N.J. at 177 (quoting Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993), cert. denied, 135 N.J. 468 (1994)). "It is enough [for liability] if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." Id. (citing Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)). "Most importantly, the 'gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" Id. (citing Morgan, 268 N.J. Super. at 364 (internal citations omitted)). "To establish a conspiracy, 'it simply must be shown that there was 'a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences.'" Morgan, 268 N.J. Super. at 365 (quoting Hoffman-LaRoche, Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1971)).

The factual allegations presented to this Court do not support a claim of conspiracy. Although Plaintiffs offer bald legal assertions of the existence of a conspiracy to defraud, there is no suggestion of a plan or common design among Defendants for the purpose of defrauding Plaintiffs. Therefore, Count III of the Amended Complaint is **dismissed**.

K.    Unconscionability

In Count VII, Plaintiffs assert a claim for unconscionability. Defendants dispute this claim as a bald legal assertion and a means of repackaging the previously asserted TILA claims. Sutton contends that a claim of unconscionability sounds in contract and, therefore, an allegation of unconscionability may only be asserted against a party to the contract, effectively excluding Sutton.

"[C]ontract unconscionability must be decided based on the contract as written." Delta Funding

Corp. v. Harris, 189 N.J. 28, 42 (2006). Unconscionability is not intended "erase the doctrine of freedom of contract, but to make realistic the assumption of the law that the agreement has resulted from real bargaining between parties who had freedom of choice and understanding and ability to negotiate in a meaningful fashion." Associates Home Equity Services, Inc. v. Group, 343 N.J. Super. 254, 278 (App. Div. 2001) (citing Kegler v. Remain, 58 N.J. 522, 543 (1971)). "The standard of conduct contemplated by the unconscionability clause is 'good faith, honesty in fact and observance of fair dealing[,]' and the need for application of that standard 'is most acute when the professional seller is seeking the trade of those most subject to exploitation-the uneducated, the inexperienced and the people of low incomes.' *Ibid.* Whether a particular practice is unconscionable must be determined on a case-by-case basis." Id. at 278-279 ( In this case, whether the acts of Associates and third-party defendants were unconscionable was for the jury to decide.).

In light of the fact that Plaintiffs speak only Korean and no English, and given that these loan documents were all in English, the Court declines to dismiss Count VII for failure to state a claim. On this ground, Defendants motion to dismiss is **denied**.

L.      Remedy

M&T and MERS request that the Court preclude Plaintiffs from recovering punitive damages with respect to any of their claims. The Court declines to pass upon the appropriate remedies at this time.

19

**IV.** **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Amended Complaint is **granted in part** and **denied in part**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated: March  16 ,  2010
Original: Clerk
cc: All Counsel of Record
Hon. Claire C. Cecchi, U.S.M.J.
File